UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST W. AHART, JR. as Trustee of The Ahart Family Trust; AHART LIVESTOCK, INC.; UNIGARD INSURANCE COMPANY as subrogee of Ernest W. Ahart, Jr. as Trustee of The Ahart Family Trust and Ahart Livestock, Inc., | No.  2:21-cv-1832 DAD AC |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| UNITED STATES OF AMERICA, PRIDE INDUSTRIES, and DOES 1through 50, Inclusive, | |
| Defendants. | |

This case was settled over two years ago but remains open.  The parties reached a verbal settlement agreement before now-retired Magistrate Judge Kendall J. Newman, which was noted on the docket on July 7, 2023.  ECF No. 49.  The parties were ordered to file dispositional documents within 90 days but repeatedly stipulated to extend that deadline.  ECF No. 41-44, 46-52.  The final such stipulation proposed a May 5, 2025, deadline for dispositional documents. ECF No. 52.  In August of 2025, the undersigned issued an Order to Show Cause, noting that dispositional documents had still not been filed.  Plaintiff responded with a motion to enforce the settlement agreement, ECF No. 54-1, which was never adjudicated because it had been

1

improperly noticed and plaintiff failed to re-notice it before the district judge as directed.  See ECF No. 55.  The government's response to the motion to enforce, ECF No. 56, assured the court that no action was necessary because a revised request had been submitted to the Judgment Fund, and payment would be issued within the next 4 to six weeks.  Id. at 1.  Nearly eight months later, dispositional documents have still not been filed.

On April 9, 2026, the undersigned issued an Order to Show Cause in writing by April 24, 2026, why the failure to submit dispositional documents should not result in a recommendation that this case be deemed settled and involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b).  ECF No. 58 at 1.  The court noted that if the parties did not show good cause, the court would recommend dismissal of this case pursuant Fed. R. Civ. P. 41(b).  Id.  On April 20, 2026, plaintiffs filed a motion to enforce the settlement agreement.  ECF No. 59.  On May 1, 2026, plaintiffs withdrew the motion without explanation.  ECF No. 61.  The undersigned concludes that the parties have not shown good cause for this case to remain open, and the deadline to do so has passed.

Accordingly, the undersigned RECOMMENDS that this case be deemed settled and involuntarily dismissed pursuant Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 7, 2026

allison Clare
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2