UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST W. AHART, JR. as Trustee of The Ahart Family Trust; AHART LIVESTOCK, INC.; UNIGARD INSURANCE COMPANY as subrogee of Ernest W. Ahart, Jr. as Trustee of The Ahart Family Trust and Ahart Livestock, Inc., | No.  2:21-cv-01832-DAD-AC |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DEEMING THIS CASE SETTLED AND INVOLUNTARILY DISMISSED |
| v. | (Doc. No. 63) |
| UNITED STATES OF AMERICA, PRIDE INDUSTRIES, and DOES 1through 50, Inclusive,, | |
| Defendants. | |

This matter was referred on May 4, 2026, to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a).

On May 7, 2025, the assigned magistrate judge issued findings and recommendations recommending that this case be deemed settled and involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. No. 63.)  Specifically, in those findings and recommendations the magistrate judge recounted as follows.  Back on July 7, 2023, a settlement of this action was reached at a conference presided over by the previously assigned magistrate

1

judge. (*Id.* at 1.)  The parties were directed to file dispositional documents with the court within 90 days of that settlement conference, but continued that dispositional documents due date several times by stipulation and order.  (*Id.* at 1–2.)  After the filing of an order to show cause and the filing and then withdrawal of a motion to enforce settlement, on April 9, 2026, the newly assigned magistrate judge issued another order requiring the parties to show cause in writing by April 24, 2026, why the failure to submit dispositional documents should not result in a recommendation that this case be deemed settled and involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and warning the parties that if they did not show good cause in writing, such a recommendation would result.  (*Id.* at 2.)  Thereafter, plaintiffs filed and shortly thereafter withdrew without explanation another motion to enforce the settlement agreement, but neither party filed a response to the order to show cause within the time provided.  (*Id.*)

The May 7, 2025 findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.*)  To date, no objections to the pending findings and recommendations have been filed by the parties and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on May 7, 2026 (Doc. No. 63) are ADOPTED in full;

2. The court deems this action as having been settled and involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2